UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

WILLIAM E. WISTEY                                     Chapter 13
PATRICIA S. WISTEY

    Debtors.                                Bankruptcy No. 08-00555M

ORDER RE:
MOTION TO USE ECONOMIC STIMULUS REBATE

    Debtors William and Patricia Wistey request authority to use their tax stimulus rebate for three expenses which they say are not covered by their estimated expenditures for the period of their plan.  The trustee does not object.  Hearing was held on June 13, 2008 in Mason City.  J. Mathew Anderson appeared as attorney for the Wisteys.  Carol F. Dunbar, the trustee, appeared on her own behalf.

    After the Wisteys' motion was filed, their chapter 13 plan was confirmed (docs. 28 and 29).  Therefore, the court treats this motion as one to modify the debtors' plan after confirmation under 11 U.S.C. § 1329.  It is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

    Wisteys filed their chapter 13 petition on March 27, 2008. Their confirmed modified plan (doc. 18) proposes to pay to the trustee $63,771.91 to the trustee over 60 months.  After payment of attorney's fees and trustee's fees, it is estimated that $56,974.46 would be available for distribution to creditors holding allowed unsecured claims.  Wisteys have based their plan

on their projected monthly net income as shown on their schedule I (doc. 1) and expenses shown on amended schedule J (doc. 16). Their initial monthly payments are $736.89, but monthly payments will increase as certain secured claims or a retirement loan is paid off.

The confirmed plan significantly exceeds the required distribution to creditors holding unsecured claims as set out in Coop v. Frederickson (In re Frederickson), 375 B.R. 829, 832 (B.A.P. 8th Cir. 2007).  See also Wisteys' amended form 22C, doc. 17.  The deadline for filing claims has not yet passed, but it is estimated that if all scheduled creditors file claims, the per dollar distribution to creditors holding allowed unsecured claims will be 90.03 per cent (doc. 27).

Wisteys expect to receive a $1,200.00 tax rebate under the Economic Stimulus Act of 2008, Pub.L.No. 110-185, 122 Stat. 613 (Feb. 13, 2008) (hereinafter "rebate").  They ask to retain the rebate to pay three current expenses: (1) for the repair of an underground water leak at their home, estimated cost of $500-$600); (2) for the replacement of a combination storm/screen door to their home, estimated cost of $269; and (3) for the purchase of a set of new tires for their 2003 Ford Escape automobile, estimated cost of $450.

The underground water leak will require excavation.  The estimated cost is based on an oral estimate by Jennings

Excavating.  The damage to the door was caused by a recent storm, but the cost will not be covered by their home insurance.  As to the tires, Wisteys noticed they were hydroplaning on wet roads.  They inspected their tires and saw they were bald.  The cost figure is based on an estimate by a local tire dealer.  It includes alignment and balancing.  The tires were on the car when they purchased it as a used auto.  Usage of the tires has exceeded 75,000 miles.

Wisteys' estimate of current expenses (amended schedule J, doc. 16) shows monthly home maintenance costs of $125.00 and monthly transportation costs of $300.00.

In determining whether to approve the modification to permit retention of the stimulus rebate, the court will consider certain factors: first, whether the rebate is disposable income to be submitted to the trustee under the plan; second, whether the expenses on which the modification is grounded are necessary and the amounts reasonable; and third, because Wisteys calculated their disposable income using schedules I and J, I will consider whether the expenses fall within categories of expenses shown in the debtors' schedule of expenses (schedule J) and, if so, whether the particular expense was foreseeable within the category, and if so, is there sufficient money within the expense category to pay the expense.

The trustee contends that the stimulus rebate is disposable

3

income to be submitted to her under the plan.  Wisteys conceded this at the hearing.

### Storm Door and Water Line

I find that the replacement of the storm door and the repair of the underground water line are necessary repairs to Wisteys' home.  Also, I find that the repair cost estimates are reasonable.

I find also that these repairs fall within the expense category of home maintenance, and that the need for replacement and repair were not foreseeable expenses included within the category during the five-year period of the plan.

The Wisteys' modification will be approved to permit them to retain so much of the stimulus rebate to repair their storm/screen door and to repair the underground water line.  The retention of $769.00 to $869.00 for these purposes does not cause Wisteys' modified plan to violate the Frederickson test.

### Automobile Tires

I find that the replacement of bald tires on Wisteys' Ford Escape is necessary.  However, there is insufficient evidence to prove that the expense is reasonable.  Wisteys took their automobile into the tire dealership and obtained an estimate for replacement of four tires, balancing, and front end alignment.

There is no evidence that less expensive tires were not available.  In fact, Wisteys do not know the basis of the estimate or the choice of tire.  There has been a failure to show the expense is reasonable.

Also, the tires fall within transportation costs on Wisteys' schedule J, and I find the replacement of the tires was a foreseeable cost under such expense category during the plan. Moreover, Wisteys have not shown that the budgeted amount would not cover the expense over time, but only that they do not presently have the funds to replace the tires.  Because of a failure of proof, I suggested to Wisteys and their attorney that they might supplant the motion prior to my ruling on it to provide information as to the reasonableness of the cost of the tires.  This they did not do.  I will not approve the modification to permit retention of so much of the stimulus rebate to replace the tires.

IT IS ORDERED that the motion to modify the plan is granted in part and denied in part.  Wisteys may retain so much of the tax stimulus rebate as is needed to repair the underground water line and their storm/screen door.  The balance of the motion, seeking retention to replace automobile tires, is denied.

DATED AND ENTERED  June 25, 2008

William L. Edmonds, Bankruptcy Judge